IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

AMANDA U. AJULUCHUKU,

        Plaintiff,                      No. 2:12-cv-2494-GEB-EFB PS

vs.

APPLE, INC.,

                                       ORDER AND
        Defendant.                 FINDINGS AND RECOMMENDATIONS

_____/

       This case, in which plaintiff is proceeding *in propria persona*, was referred to the undersigned under Local Rule 302(c)(21), pursuant to 28 U.S.C. § 636(b)(1). Plaintiff seeks leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. Plaintiff's declaration makes the showing required by 28 U.S.C. § 1915(a)(1) and (2). *See* Dckt. No. 2. Accordingly, the request to proceed *in forma pauperis* will be granted. 28 U.S.C. § 1915(a).

       Determining plaintiff may proceed *in forma pauperis* does not complete the required inquiry. Pursuant to § 1915(e)(2), the court is directed to dismiss the case at any time if it determines the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant.

       Although *pro se* pleadings are liberally construed, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), a complaint, or portion thereof, should be dismissed for failure to state a claim if

1

1 it fails to set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl.*
2 *Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41
3 (1957)); *see also* Fed. R. Civ. P. 12(b)(6).  "[A] plaintiff's obligation to provide the 'grounds' of
4 his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of
5 a cause of action's elements will not do.  Factual allegations must be enough to raise a right to
6 relief above the speculative level on the assumption that all of the complaint's allegations are
7 true."  *Id.* (citations omitted).  Dismissal is appropriate based either on the lack of cognizable
8 legal theories or the lack of pleading sufficient facts to support cognizable legal theories.
9 *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

10       In reviewing a complaint under this standard, the court must accept as true the allegations
11 of the complaint in question, *Hospital Bldg. Co. v. Rex Hosp. Trustees*, 425 U.S. 738, 740
12 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in
13 the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).  A *pro se* plaintiff must
14 satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure.  Rule
15 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the
16 pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the
17 grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007)
18 (citing *Conley v. Gibson*, 355 U.S. 41 (1957)).

19       Additionally, a federal court is a court of limited jurisdiction, and may adjudicate only
20 those cases authorized by the Constitution and by Congress.  *Kokkonen v. Guardian Life Ins.*
21 *Co.*, 511 U.S. 375, 377 (1994).  The basic federal jurisdiction statutes, 28 U.S.C. §§ 1331 &
22 1332, confer "federal question" and "diversity" jurisdiction, respectively.  Federal question
23 jurisdiction requires that the complaint (1) arise under a federal law or the U. S. Constitution, (2)
24 allege a "case or controversy" within the meaning of Article III, § 2 of the U. S. Constitution, or
25 (3) be authorized by a federal statute that both regulates a specific subject matter and confers
26 federal jurisdiction.  *Baker v. Carr*, 369 U.S. 186, 198 (1962).  To invoke the court's diversity

jurisdiction, a plaintiff must specifically allege the diverse citizenship of all parties, and that the matter in controversy exceeds $75,000.  28 U.S.C. § 1332(a); *Bautista v. Pan American World Airlines, Inc.*, 828 F.2d 546, 552 (9th Cir. 1987).  A case presumably lies outside the jurisdiction of the federal courts unless demonstrated otherwise.  *Kokkonen,* 511 U.S. at 376-78.  Lack of subject matter jurisdiction may be raised at any time by either party or by the court.  *Attorneys Trust v. Videotape Computer Products, Inc.*, 93 F.3d 593, 594-95 (9th Cir. 1996).

Plaintiff's complaint appears to be alleging that defendant "stole" plaintiff's belongings, which plaintiff was apparently storing at defendant's hotel in Alpharetta, Georgia.  Compl., Dckt. No. 1, at 2, 3.  Plaintiff states that she believes that she has "been discriminated against and stolen from based upon [her] race, Black color, color, Light-skinned, Sex, female, National Origin (Father, Nigerian) and physical disability (recurring deafness and dizziness) which are in violation of U.S. Code Title 42, Chapter 21."  *Id.* at 4.  Plaintiff also contends that she is "disabled under the American Disability Act."  *Id.*  Plaintiff seeks ten million dollars and an apology from defendant.  *Id.* at 5.

It does not appear from plaintiff's complaint that this court has subject matter jurisdiction over plaintiff's claim(s).  Plaintiff contends that this court has diversity jurisdiction since defendant's corporate office is in South Carolina and plaintiff resides in California, and the amount in controversy is $10,000,000.  *Id.* at 4, 5.  However, plaintiff's complaint does not establish the citizenship of either plaintiff or defendant.

Nor is it clear how the facts alleged in the complaint would give rise to a federal claim.  To the extent plaintiff's claim is brought under 42 U.S.C. § 1983, that claim must be dismissed because plaintiff fails to allege that defendant was a state actor or was otherwise acting under color of law, she fails to identify the constitutional rights that defendant allegedly violated, and she fails to explain how defendant's actions resulted in the deprivation of any constitutional right.  *See West v. Atkins*, 487 U.S. 42, 48 (1988) (To state a claim under § 1983, plaintiff must allege: (1) the violation of a federal constitutional or statutory right; and (2) that the violation

3

was committed by a person acting under the color of state law).

Additionally, to the extent plaintiff purports to state a claim under 42 U.S.C. § 2000a (Title II of the Civil Rights Act of 1964), that claim fails because plaintiff has not alleged that she was denied full and equal enjoyment of defendant's "goods, services, facilities, privileges, advantages, and accommodations" due to discrimination based on her race, color, religion, or national origin. *See* 42 U.S.C. § 2000a(a) ("All persons shall be entitled to the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of any place of public accommodation, as defined in this section, without discrimination or segregation on the ground of race, color, religion, or national origin."). Although plaintiff states in a conclusory manner that she was discriminated against based on those factors, she has not alleged any facts that would demonstrate that such a claim is plausible on its face. Rather, plaintiff alleges that she her belongings were stolen because she was storing them at defendant's hotel and defendant deemed them to be a fire hazard. Dckt. No. 1 at 2.

Also, to the extent plaintiff purports to state a claim under 42 U.S.C. § 2000d (Title VI), such a claim fails because plaintiff does not allege that she was subject to discrimination under any program or activity receiving Federal financial assistance; rather, she alleges defendant "stole" her belongings. *See* 42 U.S.C. § 2000d (providing that: "No person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subject to discrimination under any program or activity receiving Federal financial assistance.")).

Finally, to the extent plaintiff purports to state a claim under the Americans with Disabilities Act ("ADA"), the claim fails because plaintiff does not sufficiently allege that she is disabled within the meaning of the ADA, and she does not allege any plausible connection between her purported disability (deafness and dizziness) and defendant's alleged conduct. *See* 42 U.S.C. § 12102(1) (The ADA defines a disability as (1) a physical or mental impairment that substantially limits one or more major life activities; (2) a record of such an impairment; or (3)

being regarded as having such an impairment.).  Moreover, the only remedy under Title III of the ADA, 42 U.S.C. § 12182, is injunctive relief.

Additionally, it appears venue is improper in this district.  Pursuant to 28 U.S.C. § 1406(a), a "district court of a district in which [a case is filed] laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."  28 U.S.C. § 1406(a).  Civil actions "may be brought in– (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action."  *Id.* § 1391(b).  For venue purposes, "an entity with the capacity to sue and be sued in its common name under applicable law, whether or not incorporated, shall be deemed to reside, if a defendant, in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question . . . ."  *Id.* § 1391(c)(2).  Plaintiff's complaint does not allege any events or omissions occurring in the Eastern District of California; rather, the events giving rise to plaintiff's claims occurred in Alpharetta, Georgia.  Additionally, plaintiff alleges that defendant's corporate office is in South Carolina.  *See Doe v. Mitchell*, 2009 WL 838050 (D. Nev. Mar. 26, 2009) (dismissing action for lack of venue at the *in forma pauperis* stage); *Alexandria v. United States*, 2007 WL 2947461, *1 (S.D. Cal. 2007) (dismissing action for lack of venue at the *in forma pauperis* stage).

Moreover, the court notes that this complaint appears to be one of several hundred frivolous complaints that plaintiff has filed all over the country.  *See Ajuluchuku-Levy v. Schleifer,* 2009 WL 4890768, at *7 (E.D.N.Y. Dec. 15, 2009) ("[A] survey of the dockets of the United States district courts reveals that as of the date of this Order, Plaintiff has commenced

5

two hundred fifty-eight (258) actions in various district courts across the United States. Several district courts have noted that "the 'overwhelming majority' of cases filed by plaintiff have been totally without merit.") (quoting *Ajuluchuku v. Southern New England School of Law*, 2006 WL 2661232, at *3 (N.D. Ga. Sep. 14, 2006)). In light of plaintiff's frivolous allegations herein, as well as her history of filing frivolous actions containing many of the same allegations, the court will recommend that this action be dismissed without leave to amend pursuant to 28 U.S.C. § 1915(e)(2). *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987) (While the court ordinarily would permit a pro se plaintiff to amend, leave to amend should not be granted where it appears amendment would be futile).

Accordingly, IT IS HEREBY ORDERED that plaintiff's request for leave to proceed in forma pauperis, Dckt. No. 2, is granted.

IT IS FURTHER RECOMMENDED that:

1. Plaintiff's complaint be dismissed without leave to amend; and

2. The Clerk be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: October 17, 2012.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

6